IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02166-BNB

LARRY JARAMILLO,

Applicant,

v.

WARDEN KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 23 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Larry Jaramillo is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Jaramillo initiated this action by filing *pro se* an application for a writ of habeas corpus. On November 21, 2008, Mr. Jaramillo filed an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Jaramillo is challenging the validity of his conviction and sentence in Boulder County District Court case number 03CR1139. In an order filed on November 26, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On December 5, 2008, Respondents filed their Pre-Answer Response. On December 22, 2008, Mr. Jaramillo filed a reply to the Pre-Answer Response.

The Court must construe the amended application and other papers filed by Mr. Jaramillo liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On March 4, 2004, Mr. Jaramillo entered a guilty plea to one count of sexual exploitation of a child in the Boulder County District Court. On July 8, 2004, he was sentenced to twenty years in prison. Mr. Jaramillo did not file a direct appeal. However, he did file a number of state court postconviction motions challenging the validity of his conviction and sentence. On January 24, 2005, Mr. Jaramillo filed a postconviction Rule 35(b) motion for sentence reconsideration that the trial court denied on March 18, 2005. Mr. Jaramillo later filed a series of postconviction motions in the trial court beginning in February 2007 that also were denied. Following the trial court's October 16, 2007, order denying one of the postconviction motions, Mr. Jaramillo filed a notice of appeal. The matter was pending on appeal until September 2, 2008, when the Colorado Supreme Court denied Mr. Jaramillo's petition for writ of certiorari.

The Court received the instant action for filing on September 19, 2008. Mr. Jaramillo asserts two claims for relief in the amended application alleging that his constitutional rights have been violated.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Jaramillo's conviction became final when the time for filing a direct appeal expired because he did not file a direct appeal. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Jaramillo had forty-five days to file a notice of appeal after he was sentenced on July 8, 2004. Therefore, the Court finds that Mr. Jaramillo's conviction

became final on August 23, 2004.[1] The Court also finds that the one-year limitation period began to run on August 23, 2004, because Mr. Jaramillo does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final.

The one-year limitation period ran for approximately five months from August 23, 2004, until Mr. Jaramillo filed his postconviction Rule 35(b) motion in the trial court on January 24, 2005. Pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitation period was tolled while the Rule 35(b) motion was pending in state court. As noted above, the Rule 35(b) motion was denied on March 18, 2005. However, the Rule 35(b) motion remained pending until the time to file an appeal from the order denying that motion expired on May 2, 2005. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). At that time, approximately seven months of the one-year limitation period remained. Because Mr. Jaramillo did not file his next state court postconviction motion until February 2007, the one-year limitation period expired before the February 2007 motion was filed and, as a result, the one-year limitation period was not tolled while the postconviction motions filed in 2007 were pending.

Mr. Jaramillo does not dispute the fact that there was more than one year after his conviction became final and before this action was filed during which no state court postconviction motion was pending. Despite this fact, he argues that this action is not

---

[1] The forty-fifth day after July 8, 2004, actually was August 22, 2004. However, that date was a Sunday.

barred by the one-year limitation period because there is no time limit under Colorado state law for filing a postconviction motion to correct an illegal sentence. The Court finds that this argument lacks merit because the state law rule on which Mr. Jaramillo relies does not control application of the one-year limitation period in § 2244(d). It is clear that the instant action is untimely under federal law. Therefore, the action must be dismissed as untimely in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Jaramillo bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Jaramillo fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Jaramillo fails to demonstrate that equitable tolling is appropriate and the instant action will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 23 day of January, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-02166-BNB

Larry Jaramillo
Prisoner No. 55120
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Majid Yazdi
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/23/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk